TELECTRONICS PACING SYSTEMS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 91–07–00503

(Dated May 16, 1996)

*McDermott, Will & Emery* for the plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Barbara Silver Williams)* for the defendant.

MEMORANDUM AND ORDER

AQUILINO, *Judge:* The court is in receipt of papers filed in this consolidated action, which has been designated a test case pursuant to CIT Rule 84(b), and styled Stipulation for Substitution of Counsel and Order Substituting Counsel. No switch is effectuated by these papers, which reflect ignorance or disregard of the nature and practice of this Court of International Trade, if not of law in general.

CIT Rule 75(a) states that "[o]nly an attorney admitted to the bar of the court may practice before [it]" in an action such as this. There is no indication that the sole signatory of the papers, one Michael J. Weber, satisfies this requirement.

Subsection (c) of Rule 75 provides, in pertinent part, for substitution of attorneys as follows:

> A party who desires to substitute an attorney may do so by serving a notice of substitution upon the prior attorney of record and the other parties. The notice shall be substantially in the form as set forth in Form 12 of the Appendix of Forms.

Not surprisingly in view of the nature of the importance of this relief, the prescribed form contemplates signature by the party affected, as well as by its substituted counsel. The papers at hand do not bear that required, initial signature (or any other indication of acceptance by the plaintiff).

Parties such as the above-named corporate plaintiff are entitled to representation by members of the bar of their choice, who if indeed admitted presumably are familiar with all of the pertinent rules of practice and with fundamentals like the nature of the Court of International Trade and names of assigned judges. Again on this count, the papers at hand do not exhibit such expectable familiarity. The order filed, for example, which is superfluous under the above rule, refers to this as a "circuit court".

In sum, the attempted substitution of attorneys for the above party plaintiff must be, and it hereby is, rejected.